293 So.2d 568 (1974)
Ronald D. SHAW, Plaintiff-Appellee,
v.
The TRAVELERS INSURANCE COMPANY et al., Defendants-Appellants.
No. 4470.
Court of Appeal of Louisiana, Third Circuit.
March 25, 1974.
Rehearings Denied May 14, 1974.
Writ Refused June 21, 1974.
*569 Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for defendants-appellants.
Kramer & Kennedy, by Ralph W. Kenneth, Jr., Alexandria, for plaintiffs-appellees.
Willie D. Maynor, Baton Rouge, McLure & McLure, by John G. McLure, Alexandria, for defendant-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
This case and those consolidated with it involve a multiple car collision in Rapides Parish. The plaintiff-appellee, Ronald D. Shaw, was a fare-paying passenger in a taxi which was involved in a collision where a Datsun automobile was overturned in the middle of the highway. In the trial court Shaw obtained judgment against various defendants, but only the defendant-appellant, Grace Wall, who is the mother of the minor driver of the Datsun, and defendant-appellant, State Farm Mutual Automobile Insurance Company, the liability insurer of Grace Wall, have appealed to this court.
This matter was consolidated for trial with two companion suits: Lula Mae Harrell Cleveland, individually and for the minors, Laverne Cleveland and Henry Cleveland v. Stanley B. Bordelon et al. (No. 4468, 293 So.2d 574; and Robert Gene Mickel v. The Aetna Casualty and Surety Company, et al. (No. 4469), 293 So.2d 574.
All three suits arise from a series of collisions which commenced at approximately 1:00 A.M. on June 6, 1971, on Louisiana Highway 1 north of Alexandria, Louisiana. The initial or first cause of the series of collisions was the negligence of Ronald G. Wall, a minor, who fell asleep at the wheel of his mother's 1971 Datsun automobile while driving in a southerly direction toward Alexandria. As a result, his vehicle overturned in the middle of Louisiana Highway 1 at approximately a 45 degree angle. The weather was clear and dry; the highway at that point is completely straight and level for at least a mile to the south. About a quarter of a mile to the north of the overturned automobile there was a curve in the road. The highway is a hard-surface two-lane road; the pavement is 23 feet 6 inches in width.
*570 Shortly after the Datsun overturned (the wheels were still spinning at the time), a 1967 Ford automobile occupied by Raymond Joseph Lacour, Arthur Gene Lacour, and Patsy Estes, which was being driven in a northerly direction toward Natchitoches, arrived. They stopped to lend assistance. They pulled Wall from the Datsun in a dazed condition and placed him on the side of the road. Raymond Joseph Lacour testified that the Datsun was obstructing the highway in such a fashion that "... you couldn't really get by." (TR. 277). All the witnesses agreed that there were no lights visible on the Datsun after it turned over.
Another automobile came up from the south and made a U-turn; its driver went back toward Alexandria to call the police. This call was received at approximately 1:18 A.M.
An unmarked Oldsmobile state police car, a vascar, arrived at the scene "By 1:23 A.M." (TR. 156), occupied by two state troopers, George Michael Wagner and Robert Rigby, and a civilian, Robert Gene Mickel. It was parked on the south or Alexandria side of the overturned vehicle, more or less in the middle of the road, but at a slight angle. The front of the vascar was pointed toward the overturned vehicle or toward the north; its lights were flashing with the tail lights toward the south. Ronald G. Wall was placed in the vascar with Trooper Wagner for interrogation. There were no flares available in the vascar and none were put out.
Meanwhile, Arthur Gene Lacour had been directed by the troopers to move his Ford automobile from the northbound side of the road to the southbound side. He had made a U-turn to do so and his Ford was then parked on the same side of the road as the Datsun and the vascar and, like the vascar, had its headlights toward the north. He had gotten out of his car and was talking to James Ray Lachney, who had driven up from the south and parked on the shoulder.
Various other automobiles had parked on both shoulders of the road in the interim. The evidence is conflicting and confused as to what lights were showing on these automobiles. A disinterested witness, Louis G. Mims, testified that he pulled up south of the Datsun on the shoulder; left his parking lights on; and looked for a flashlight because of the lack of illumination at the scene.
One of the automobiles which stopped was being driven by Laverne Cleveland, a minor, and carried her brother, Henry Cleveland, also a minor, as a passenger. These two had gotten out of the car and had been talking to Trooper Rigby.
Robert Gene Mickel, the civilian in the vascar, had been told by Trooper Rigby to direct traffic on the south side of the Datsun. He was proceeding to the rear of the police car with a flashlight but had not yet started to carry out his instructions.
All of the foregoing occurred in a short period of time. With the scene as set forth hereinabove, a Yellow Cab Company taxicab, driven by George Ussery and carrying Ronald D. Shaw as a passenger, arrived from the south. It was being followed by a 1968 Plymouth automobile owned and operated by Stanley B. Bordelon. It was not determined by the trial court and we will not attempt to decide which of these two vehicles made the first impact. In any event, six vehicles were struck.
Following these collisions, Trooper Rigby went to Troop E headquarters, Alexandria, and picked up Trooper Stanley Rogers at "... approximately 1:30." (TR. 230). Trooper Rogers described the scene as follows:
"... the police car was in the ditch on the left side, the cab was stuck to the rear of the police car, with the rear of the cab in the south bound lane; about (8) or (10) feet north of it in the south bound lane was a '67 Ford crossways of the south bound lane .... in the *571 north bound lane, near the center of the road was a '71 Datsun upside down...; and just to the right of it was a Plymouth, '68 Plymouth.

* * * * * *
"And a '67 Oldsmobile that was parked on the right side, on the shoulder,... had been hit, was owned by Robert Richardson," (TR. 224, 225).
As a result of these collisions, Ronald D. Shaw, the passenger in the taxi, was severely injured. The pedestrians, Robert Gene Mickel, Henry Cleveland and Laverne Cleveland, were injured. George Ussery subsequently died as the result of his injuries. Stanley B. Bordelon, the driver of the Plymouth, was severely injured.
The trial court found that both Ussery and Bordelon were negligent and dismissed the suits of Ussery's heirs and Bordelon. No appeal has been made as to these two suits.
The trial court stated in its reasons for judgment that the only serious issue as to the three remaining suits was whether or not the unquestioned negligence of Wall was a cause-in-fact of the subsequent collisions and injuries. The trial court decided that Wall's negligence was a precipitating and contributing factor in the later collisions and therefore actionable, citing Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970).
Judgment was therefore given in the instant suit, No. 4470, in favor of Ronald D. Shaw and against defendants, The Travelers Insurance Company, Yellow Cab Company of Alexandria, Inc., Stanley B. Bordelon, State Farm Mutual Automobile Insurance Company and Grace Wall, in solido, in the amount of $18,769.00, together with legal interest and all costs. Judgment was also given Ronald D. Shaw for the use and benefit of the United States of America in the sum of $1,160.00. The principal amounts of both judgments were limited: as to State Farm, to $6,386.00; and, as to Travelers, to $13,543.00.
In No. 4468, judgment was given in favor of plaintiff, Lula Mae Harrell Cleveland, as administratrix of the estate of Henry Cleveland, against the same defendants, in the amount of $14,631.15, together with interest and costs, with the liability on the principal limited: as to Travelers, to $9,943.15; and, as to State Farm, to $4,688.00. Also, in No. 4468, judgment was given plaintiff, as administratrix of the estate of Laverne Cleveland, against the same defendants in the amount of $13,017.25, together with interest and costs, with the liability on the principal limited: as to Travelers, to $8,847.25; and, as to State Farm, to $4,756.00.
Only Grace Wall and State Farm have appealed, contending that the trial court erred in applying Pierre v. Allstate Insurance Company, supra, to these facts and that the trial court should have followed Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972). The argument made is that the injuries to plaintiffs were not attributable to Wall's negligence because of the absence of a duty risk relationship.
In Pierre v. Allstate Insurance Company, supra, the Supreme Court found that parking an automobile and partially obstructing a highway was a contributing cause-in-fact of an accident occurring some hours later. The Supreme Court held that parking and blocking traffic in violation of statutory provisions created the exact risk anticipated by the statutes. Therefore, "This is an act which can be considered negligence per se in a suit for damages based upon negligence." 242 So.2d 830. The Supreme Court found cause-in-fact; found a duty under the law and a violation of that duty constituting negligence; and then considered whether or not a duty risk relationship existed. The court found that the case could not be distinguished from Dixie Drive It Yourself Sys. v. American Beverage *572 Co., 242 La. 471, 137 So.2d 298 (1962). To quote,
"... in each case the statutory duty was imposed in order to avoid a similar risk, and in each case the particular violation of duty created the same risk that is, that an inattentive driver might precipitate an accident because a vehicle obstructed the highway." 242 So.2d 830, 831.
Further, the Supreme Court stated:
"Where causation in fact is a breach of a duty imposed to protect from the particular risk involved and this breach is an act negligent per se, the mere fact that there is a later and intervening negligent actor who helped to create the particular risk involved will not absolve the first negligent actor from responsibility." 242 So.2d 831.
The exact situation presented in Pierre v. Allstate Insurance Company, supra, exists in this case. In fact, the situation presented here creates an even stronger factual situation for finding that Wall's negligence was a cause-in-fact of the accident. Here, the Datsun was not parked and partially obstructing the highway but was overturned in the middle of the highway. It is difficult to see how the trial court erred in applying Pierre v. Allstate, supra, to the case at bar.
As to Laird v. Travelers Insurance Company, supra, the Supreme Court pointed out in that case,
"The facts and circumstances of this case are not analogous to, and may be differentiated from, those of Dixie Drive It Yourself System v. American Beverage Co., supra, and Pierre v. Allstate Ins. Co., supra." 267 So.2d 718.
Factually distinguishing features in Laird are that the stopped vehicle obstructed only 2 ¾ feet of one traffic lane, leaving 17 feet of highway clear, and that the driver stopped only for a brief period to ask directions. It is clear that in the instant case the entire paved portion of the highway was closed to traffic.
Plaintiffs-appellees seek by way of answer to modify the judgments. An appellee may not by answer have a judgment modified, revised, or reversed, as to another litigant not a party to the appeal. The answer to an appeal allows relief to the appellee from any portion of the judgment rendered against him in favor of the appellant and insofar as judgment has failed to allow or consider the relief sought by an incidental demand. See the Comments under LSA-C.C.P. art. 2133, and Broussard v. Annaloro, 265 So.2d 648 (La. App. 3 Cir. 1972).
The only parties to the appeal are Grace Wall and State Farm Mutual Automobile Insurance Company, appellants, and the various plaintiffs, who merely answered. The plaintiffs did not appeal as to the other defendants who were cast with Grace Wall and State Farm. The various judgments cast all defendants in solido, but included a limitation as to the liability of the two insurance companies, State Farm and Travelers Insurance Company, apparently based on a proration of their policy limits.
Plaintiffs, as we understand their answers, now seek: (1) to increase the awards; and (2) to declare the two insurers responsible in solido up to their respective policy limits.
We note that plaintiffs have not only failed to appeal against Travelers Insurance Company and the other defendants, but have collected their judgments against Travelers and its insured. The records contain authorizations to cancel the judgments against Travelers and its insured as having been fully paid and satisfied.
We do not believe that plaintiffs can be heard, at this time, to demand an increase in their awards. No authorities have been cited in support of this procedure.
We conclude that by collecting their judgments against Travelers and its *573 insured and by failing to appeal against these parties, plaintiffs have foreclosed themselves from demanding increased awards or seeking changes in the limitations of judgment against the insurance companies involved.
For the foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendants-appellants.
Affirmed.
FRUGE, J., dissents and assigns written reasons.
DOMENGEAUX, J., concurs in the decree.
FRUGE, Judge (dissenting).
The facts found in the opinion rendered by this Court are contrary to the written findings of the trial court. The misconstruction of the facts has contributed to the misapplication of the law. I, therefore, respectfully dissent.
The trial court correctly held the taxi and the Bordelon vehicle approached the scene at high rates of speed. The taxi applied its brakes too late and collided with the rear of the State Police vehicle. (Tr. 78). The highway was not obstructed completely as stated by Mr. Lacour. The trial court found the highway to be rather wide (44 feet from ditch to ditch) and traffic arriving at the scene either parked on the shoulders or continued on its way.
In regard to the lighting conditions at the time of the second accident, the evidence clearly supports the determination of the trial court that, "The area was well lit up, all car lights were apparently burning." (Tr. 77). Numerous vehicles had arrived at the scene, parked on the shoulder and engaged emergency flashers or turn indicators to warn traffic. (Tr. 77).
The opinion of this Court affirms the trial court's finding that Wall's negligence was a precipitating and contributing factor to the second collision. The trial court merely determined that Wall was a cause-in-fact of the collision.
Although the trial court correctly found the facts, in its application of the law to these facts, the trial court failed to determine whether Wall's negligence was the legal cause of damage to plaintiffs. Significantly, this Court also fails to consider whether Wall was the legal cause of the damages sustained by plaintiffs.
The opinion of this Court states the violation of the statutory provision (Louisiana R.S. 32:141) is "negligence per se." The terminology "negligence per se" has been expressly rejected by the Supreme Court. Weber v. Phoenix Casualty and Assurance Company of New York, 273 So.2d 30 (La. 1973). The Supreme Court has repeatedly held that the violation of a criminal statute is not in and of itself definitive of civil liability. The statutes are merely guidelines for the court in fixing civil liability. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970) and Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972).
In determining whether to impose liability on a defendant, in addition to determining the defendant was a cause in fact of the accident, the courts of this State are charged with determining the nature of the duty imposed on the actor, the risk encompassed within that duty, and whether under the combination of these considerations the defendant should be declared liable. Laird v. Travelers Insurance Company, supra.
For the foregoing reasons, I respectfully dissent.