BAILES, Judge.
This is an appeal by defendants, Charlene Incaprera, and her public liability insurer, First of Georgia Insurance Company, from the judgment of the trial court rendered on the verdict of the jury which tried the case.
This tort action arises from an injury which the minor, Anthony Patrick, age fifteen years, sustained to his right foot on August 30, 1977 while cutting grass on the vacant lot of ground owned by defendant, Charlene Incaprera. The situs of the accident was adjacent to the home property of the plaintiff who resides at 3412 West Loyola Drive in the city of Kenner, Louisiana.
This lot had been owned by Mrs. Incap-rera since the 1960s. She maintained no regular schedule for the physical care of the lot. However, from time to time during her ownership when called on by the City of Kenner weed department she would pay the cost of cutting the grass and weeds. The record shows that the lot was last cut on August 17, 1977 which was thirteen days prior to the accident. Mr. Greg Cantrell, the contractor who cut the grass the last time, appeared as a witness with his records which verified the date of the last cutting.
It appears that on the morning of the accident Anthony Patrick, after cutting his own yard, moved over to the adjoining In-caprera lot to cut what was referred to as a buffer strip six to eight feet wide next to the Patrick fence. His testimony explains his version of how the accident occurred:
“Q. All right. Let’s talk about how the accident occurred. You are pushing, and you are pushing along, and then what happened?
A. I was pushing along, normal pace. And the lawn mower struck something. I don’t know what it was, struck something; kicked up at an angle, say like the lawn mower would be sitting like this (indicating) kicked like this. I was coming down, you know, when you come down like that (indicating); and the lawn mower just hit it and the blade struck my foot right at the seam of my shoe.
Q. You’re pushing it, and you are certain that the blade hit something?
A. I assume the blade hit something, yes.
Q. Could it have been the front of the cover?
A. It may have been, I don’t know. It happened so fast, I really didn’t get to stop and look. I was worried about bleeding to death right there.
Q. When you were pushing this particular lawn mower, and it struck something, did it go up?
A. No, it didn’t go up. It sort of like it hit and it kind of like, you know, when something jumps back — it happened so fast, it just went — it just jumped back a little, and went up like that (indicating). And I walked into it.”
(T-181, Lines 13-29; T-182, Lines 1-12)
Q. Are you saying that your right foot went underneath?
A. It didn’t go underneath, It was sort of like it went up, and then when I was finally — it happened so fast that it just struck my foot. I just let go of the lawn mower, and I hopped to the car.
Q. Isn’t there a safety device on the back of that lawn mower?
A. Yes, and somehow it kicked up. I don’t know how, but it did kick up.
Q. And it came back, is that what your testimony is?
*194 A. Just a little.
Q. And you still had your hands on the handle?
A. Yeah. It happened so fast, I really didn’t have time to let go of it.
Q. You are sure that it kicked back and it didn’t just go up, and you put your foot underneath?
A. Yes, sir.”
(T-182, Lines 25-29; T-183, Lines 1-16)
The plaintiff’s theory of recovery for the injuries sustained by young Patrick is that he was an invitee on the premises because he was there to perform a service for the benefit of the owner, that to a person of such status the owner is required to use ordinary care in maintaining the premises in a reasonable condition for such use by the invitee as is consistent with his purpose. Plaintiff argues that there is sufficient evidence to find that Mrs. Incaprera had not maintained her property in a “reasonably safe condition” for the use of a grass cutter.
Further, the plaintiff argues that if the invitee status is ignored and attribute a “licensee” status to young Patrick “Mrs. Incaprera’s reckless omissions and utter disregard for the safety of her neighbors represents a clear violation of the duty owed to a licensee.”
The plaintiff’s argument and analysis of the status of the injured is the traditional approach to the question of liability. However, the Supreme Court in the case of Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (1976) found the invitee-licensee-trespasser classification as defined in the common law to be of little help in applying Louisiana Civil Code Article 2315.
It appears indisputable that the cause in fact of Anthony Patrick’s injury was the presence of uncut grass growing on the Incaprera lot. Had there been no grass or weeds on this lot there would have been no occasion for Anthony to mow the buffer strip next to the Patrick fence.
According to the holding of Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (1976), a finding that the defendant’s conduct was the cause in fact of plaintiff’s injury, singularly, does not establish liability. In addition, it is necessary to determine and find that the landowner breached a legal duty imposed to protect the injured party against the risk involved.
In Shelton the Supreme Court said on page 410:
“ * * * * The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Thus the landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Alexander v. General Accident Fire and Life Assurance Corp., [98 So.2d 730] supra; Crittenden v. Fidelity and Casualty Co., 83 So.2d 538 (La.App.2d Cir. 1955).”
We find the plaintiff’s injury was brought about through his own negligence. He was attempting to cut the grass and weeds with a lawnmower and while doing so apparently struck some object the identity of which escapes this record thus causing the light machine to be thrown rearward into his foot. It was the lawnmower which caused the injury, and it was young Patrick who brought the mower onto the Incaprera lot. He was familiar with the premises, he and his father having cut the grass in this particular area on previous occasions. We find that the defendant, Charlene Incap-rera, breached no duty she owed Anthony Patrick. The injury was caused by the negligent operation of the lawnmower.
In argument before this court, the plaintiff, through his counsel, contends the facts indisputably establishes that the lot owned by Mrs. Incaprera was a “garbage dump, a cesspool, a place infested with snakes and rodents . . . ”; that defendant Incaprera breached the duty owned to the plaintiff; and that such condition presented an undue risk of harm to him.
Even assuming, arguendo, that the defendant breached the duty of keeping her premises safe from the undesirable qualities *195 attributed to it, the injury to young Patrick did not arise from the risk encompassed within the duty breached. Shelton v. Aetna Casualty & Surety Company, supra.
Accordingly, for the foregoing reasons, the judgment appealed is reversed and the demands of the plaintiff are rejected at his cost.
REVERSED AND RENDERED.
GARRISON, J., dissents with written reasons.