415 So.2d 586 (1982)
Robert I. DANIEL, Plaintiff-Appellee,
v.
ST. FRANCIS CABRINI HOSPITAL OF ALEXANDRIA, INC., Defendant-Appellant.
No. 8794.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
*587 Gist, Methvin, Hughes & Munsterman, Steven W. Cook, Alexandria, for defendant-appellant.
Edward A. Kaplan, Alexandria, for plaintiff-appellee.
Before CULPEPPER, FORET and DOUCET, JJ.
FORET, Judge.
Robert I. Daniel (decedent) brought this tort action to recover damages for personal injury he suffered while he was a patient at defendant, St. Francis Cabrini Hospital of Alexandria, Inc. Decedent's wife, Violet Morgan Daniel, and his son, Robert Lee Daniel, (plaintiffs) were substituted as parties-plaintiff upon his death. Defendant brought a third party demand against Mrs. Daniel.
Trial of this action resulted in a judgment in favor of plaintiffs for $111.50 in special damages and $3,500.00 in general damages.
Defendant appeals suspensively from the trial court's judgment and raises the following issues:
(1) Whether the trial court committed manifest error in finding that defendant had breached its duty of care owed to decedent;
(2) Whether the trial court committed manifest error in finding no negligence on the part of Mrs. Daniel; and
(3) Whether the trial court's award of $3,500 in general damages to plaintiffs is excessive and constitutes a clear abuse of that court's "much discretion".
Plaintiffs have answered the appeal seeking an increase in the trial court's general damages award.

FACTS
Decedent was admitted to the defendant-hospital on February 29, 1980, at which time he was suffering from prostatic cancer with probable contiguous spread and metastatic disease, diabetes mellitus, and chronic *588 organic dementia. He was 77 years old, had one arm missing, and was subject to spells of dizziness and weakness. At approximately 12:30 A.M. on March 16, 1980, decedent got out of his hospital bed and walked to the nurses station, demanding that he be given an enema. Gerald Wayne Morgan, R.N. (Morgan), was on duty at the time and he acceded to decedent's demands. The enema was administered and decedent ordered Morgan to leave the bathroom while he expelled the enema and the contents of his bowels. Morgan returned to the nurses station.
Mrs. Daniel was in the room at this time. Decedent called out to her for help as he began to get dizzy and weak. She entered the bathroom and decedent told her to get help to put him back in bed. Mrs. Daniel believed that the buzzer in the bathroom wasn't working and she went to an intercom located near the bed to call the nurses station for help. She then returned to the bathroom. However, as she reached the bathroom door, decedent fell off the commode, lacerating the skin of his penis. Help arrived soon thereafter and decedent was taken to the emergency room where the wound was cleaned and sutured. Decedent was then taken back to his hospital room and was eventually discharged on March 27, 1980. The wound healed uneventfully.
Decedent instituted this action alleging that defendant had negligently failed to provide him with proper care, attention, and treatment made necessary by his physical and mental condition, which was well known to defendant and its employees. Defendant answered the original petition denying most of the allegations contained therein, and plead the affirmative defense of contributory negligence in bar of any recovery, should the trial court decide that it was negligent.
Decedent filed a supplemental and amending petition in which he further alleged that he had suffered an injury to his scrotum in the accident. Defendant answered, denying this. Plaintiffs filed a second supplemental and amending petition, after decedent's death, alleging their right to be substituted as parties-plaintiff to this action. Defendant then filed an amended answer and third party demand, naming Mrs. Daniel as third party defendant, alleging that she was guilty of negligence which was the sole, proximate cause of the accident and/or an independent and intervening cause thereof.
Plaintiffs filed a third supplemental and amending petition alleging that defendant was negligent for failing to provide a workable, effective and non-defective emergency assistance device in the bathroom where the accident occurred. Defendant answered, denying this. Defendant then filed a first supplemental and amending answer alleging that, in the event it was found to have been negligent in causing the accident, Mrs. Daniel was contributorily negligent: in that she was in the room with her husband at all times pertinent; in that she knew or should have known exactly what his physical and mental condition was at the time of the accident; and, in that she was in the best position of any party at the time to assist her husband and to prevent the injuries in question by such assistance, and that her failure to do so and her fault in this regard was a direct cause-in-fact of the accident.

DEFENDANT'S ALLEGED NEGLIGENCE
Defendant contends that the trial court committed manifest error in holding it liable for the injuries suffered by decedent, when it made no finding concerning the negligence of Morgan, defendant's employee. The trial court found that: "The hospital breached its duty of care to the patient". The duty owed to decedent by defendant, which the trial court found that defendant had breached, was stated in Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La.1974), on page 747, as follows:
"A hospital is bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require. It is the hospital's duty to protect a patient from dangers that may result from the patient's physical and mental incapacities as well as from external *589 circumstances peculiarly within the hospital's control. A determination of whether a hospital has breached the duty of care it owes to a particular patient depends upon the circumstances and the facts of that case."
A review of Hunt clearly shows that this standard is applicable in cases where a hospital, itself, is alleged to have been negligent. In Hunt, the defendant-hospital was held liable for failing to provide a post-operative, sixty-five-year-old patient with a hospital bed having full guard rails. In the action before us, the evidence reveals no act of omission or commission, such as to constitute actionable negligence on the part of defendant, in caring for decedent. Thus, unless its employee, Morgan, was negligent in caring for decedent, there is no liability on defendant's part for the injuries suffered by decedent. A review of the trial court's reasons for judgment shows that it made no specific finding regarding negligence, or the absence thereof, on Morgan's part.
It is the settled jurisprudence of this State that a hospital is responsible for the negligence of its employees including, inter alia, nurses and attendants, under the doctrine of respondeat superior. Norton v. Argonaut Insurance Co., 144 So.2d 249 (La. App. 1 Cir. 1962); Cornell v. United States Fidelity & Guaranty Co., 8 So.2d 364 (La. App. 2 Cir. 1942), writ denied (La.1942).[1]
The crucial issue is whether Morgan was guilty of negligence such that his employer, defendant, should be held liable for the injuries suffered by decedent.
A determination of Morgan's negligence must be based on an analysis of the facts under the provisions of LSA-C.C. Articles 2315 and 2316. The first inquiry in making a determination of liability under these articles is whether any causal relationship exists between the harm suffered by decedent and Morgan's alleged negligent conduct. Thus, if plaintiffs can show that decedent probably would not have suffered the injuries complained of but for Morgan's conduct, they have carried their burden of proof relative to cause-in-fact. See Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La.1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Head v. St. Paul Fire & Marine Ins. Co., 408 So.2d 1174 (La.App. 3 Cir. 1982), writ denied, 412 So.2d 99 (La.1982); Wattigny v. Lambert, 408 So.2d 1126 (La.App. 3 Cir. 1981), writ denied, 410 So.2d 760 (La.1981).
Morgan admitted that he left decedent alone in the bathroom and returned to the nurses station after administering the enema. Mrs. Daniel testified that decedent called out to her when he began to feel himself getting weak and dizzy. The evidence shows that decedent was taking a number of drugs at the time of the accident, including narcotics and tranquilizers, which could cause him to feel dizzy and weak. In addition, decedent's left arm had been amputated. Decedent lacerated his penis when he fell off the commode after receiving the enema.
We conclude that it is more probable than not that decedent would not have suffered the injuries complained of but for Morgan's conduct, i.e., leaving the room and returning to the nurses station.
A finding that Morgan's conduct was a cause-in-fact of decedent's injuries, however, does not establish liability. In addition, *590 we are required to ascertain whether Morgan breached a legal duty imposed to protect against the particular risks involved. In making this determination, the following inquiries must be made:
(1) What, if any, duty was owed to decedent by Morgan?
(2) Was there a breach of this duty?
(3) Was the risk and harm caused within the scope of protection afforded by the duty breached?
See Shelton v. Aetna Casualty & Surety Co., supra; Hill v. Lundin & Associates, Inc., supra; Head v. St. Paul Fire & Marine Ins. Co., supra; and Wattigny v. Lambert, supra.
I. DUTY OWED.
Defendant contends that plaintiffs failed to meet their burden of proving the duty owed by Morgan to decedent, i.e., the duty of a registered nurse to possess the degree of knowledge or skill possessed by, or to exercise the degree of care ordinarily exercised by, registered nurses licensed to practice in the State of Louisiana and actively practicing in a similar community or locale and under similar conditions.[2]
Under the reasoning of Ardoin v. Hartford Accident & Indemnity Co., 360 So.2d 1331 (La.1978), we have serious doubts as to whether any "locality rule" is applicable to registered nurses. Morgan's duty, owed to decedent, was identical to that owed by the defendant-hospital to any patient, i.e., to exercise the requisite amount of care toward a patient that the particular patient's condition may require and to protect the patient from dangers that may result from the patient's physical and mental incapacities as well as from external circumstances peculiarly within its control.
II. BREACH OF THE DUTY.
As noted above, decedent was taking certain drugs that may produce adverse reactions such as dizziness and weakness. Decedent was suffering from organic brain syndrome, which would cause him to become confused and belligerent at times. Decedent was also suffering from diabetes mellitus, which would sometimes cause him to experience a generalized weak feeling. Morgan testified that he knew that decedent was hospitalized for weakness and vertigo as these conditions were noted on his medical chart. However, in spite of this knowledge, Morgan left plaintiff sitting on the commode in the bathroom alone and returned to the nurses station. By his own admission, Morgan had left decedent's hospital suite for some five to ten minutes before he received Mrs. Daniel's call for help.
We find that Morgan breached the duty he owed to decedent. Defendant argues that Morgan was ordered to leave the bathroom by decedent and that Morgan had seen decedent walk to the nurses station to demand an enema. However, it would have been very simple for Morgan to remain in the hospital room just outside the bathroom. Had he done so, he would have been able to immediately respond to decedent's call for help and to render assistance to him, thus, avoiding the accident.
III. SCOPE OF PROTECTION AFFORDED BY DUTY BREACHED.
It is obvious that the scope of protection afforded by the duty breached encompasses the risk encountered by decedent. Decedent's physical and mental incapacities required that he receive almost constant care when sitting or standing, and Morgan had a duty to see that he received that care. He failed to provide this kind of care to decedent and was liable for the injuries resulting from that failure.
*591 We find that Morgan was guilty of negligence, which resulted in the injuries suffered by decedent, and that under the doctrine of respondeat superior, defendant is liable to plaintiffs for damages sustained as a result of those injuries. On this basis, we agree with the trial court's finding that defendant is liable to plaintiffs.

MRS. DANIEL'S ALLEGED NEGLIGENCE
Defendant contends that the trial court committed manifest error in finding no negligence on the part of Mrs. Daniel. Defendant argues that Mrs. Daniel was in decedent's hospital suite at the time of the accident, and was fully aware of his physical and mental condition. It is defendant's position that Mrs. Daniel was negligent for having left decedent on the commode and going to the intercom located near his bed to call the nurses station for help, once decedent had indicated to her that he was feeling weak.
Mrs. Daniel testified that decedent told her to get help to assist in putting him back in the bed. The evidence shows that he weighed approximately 160 pounds, at this time, and that Mrs. Daniel was unable to assist him in walking when he got dizzy. Mrs. Daniel pulled on the chain connected to the emergency assistance device in the bathroom, but got no response. Decedent told her that the device was not working properly as he had used it the night before to no avail. It was only then that she left his side and went to the intercom. Defendant argues that there was nothing wrong with the emergency assistance device and introduced evidence from its maintenance supervisor to that effect. However, we note that defendant does not dispute the evidence showing that Morgan responded to Mrs. Daniel's call for help over the intercom, rather than any signal from the emergency assistance device.
Our review of the record establishes that the trial court's finding of no negligence on the part of Mrs. Daniel is not clearly wrong.

QUANTUM
Defendant contends that the trial court's award of $3,500.00 in general damages to plaintiffs is excessive and that such an award constitutes an abuse of that court's much discretion in making such awards. Plaintiffs have answered the appeal seeking an increase in the amount awarded.
The evidence shows that decedent was suffering from much pain prior to the accident as a result of the cancer which had spread throughout his body. He was receiving potent narcotics (Dilaudid, Tylenol # 3 and Merpergan Fortis) in an attempt to relieve this pain, and his physician, Dr. Zack T. Buckalew, testified that no significant change was made in the types and amounts of pain medication he was receiving after the injury.
Plaintiffs attempted to show, at the trial of this action, that decedent had also suffered an injury to his scrotum in the accident. However, the evidence indicates that this injury did not appear until some seven months after the accident, when decedent re-entered the hospital for his worsening condition brought on by the cancer. The evidence further indicates that the cancer was the cause of decedent's problem with his scrotum.
We find that the trial court's award of $3,500.00 in general damages to plaintiffs does not constitute an abuse of that court's "much discretion" in making such awards.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] LSA-C.C. Article 176 provides:

Art. 176. Master's liability for offenses or quasi-offenses of servant
Art. 176. The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: Of quasi-contracts, and of offenses and quasi-offenses.
LSA-C.C. Article 2320 provides:
Art. 2320. Acts of servants, students or apprentices
Art. 2320. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.
[2] See Harris v. State, Through Huey P. Long Memorial Hospital, 371 So.2d 1221 (La.App. 3 Cir. 1979), affirmed, 378 So.2d 383 (La. 1979), and Butler v. La. State Board of Education, 331 So.2d 192 (La.App. 3 Cir. 1976), writ denied, 334 So.2d 230 (La.1976), as authority for the proposition that nurses and medical technicians who undertake to perform medical services are subject to the same rules relating to the duty of care and liability as are physicians in the performance of professional services. See also LSA-R.S. 9:2794 setting forth a plaintiff's burden of proof in a malpractice case brought against a physician.