521 So.2d 461 (1988)
Claire and Frederick SPRINGER
v.
ST. BERNARD PARISH SCHOOL BOARD, St. Bernard Parish Police Jury and National Union Fire Insurance Company.
No. CA-8073.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Ronald L. Ronzello, Metairie, for plaintiffs-appellants.
Peter C. Matherne, New Orleans, for defendants-appellees St. Bernard Parish School Bd. and Nat. Union Fire Ins. Co.
Edward A. Rodrigue, Jr., Terry Deffes, New Orleans, for defendant-appellee St. Bernard Police Jury.
Before SCHOTT, GARRISON and CIACCIO, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the 34th Judicial District Court in favor of defendants, St. Bernard Parish School Board, St. Bernard Parish Police Jury, and National Union Fire Insurance Co. and against the plaintiffs Claire Baiamonte, wife of/and Frederick Springer, dismissing their suit at their cost. From that judgment, plaintiffs appeal.
On July 24, 1985 at approximately 10:30 p.m. Frederick Springer, a 35 year old male, injured himself while jumping over an approximately 5 foot high chain link fence separating an asphalt playground from a grass lawn area. The lawn and playground both adjoined the Meraux Elementary School gymnasium. Next to the lawn area was a parking lot.
Plaintiffs oldest daughter's softball game was originally set for 6 p.m. on July 24th, however, there had been heavy rain commencing at 4 or 5 p.m. such that the outdoor playing field was too wet to be used. Accordingly, the game was rescheduled for 9 or 9:30 p.m. inside of the gym. Plaintiff served in a voluntary position as assistant coach of his daughter's team. Mr. Springer was a very athletic individual. He played football, volleyball, jogged a little and was a member of the Buccaneer Villa swim team.
Mr. & Mrs. Springer and their two daughters left the gym, had dinner and returned in time for the rescheduled game. Mrs. Springer sat in the bleachers watching the game, while the youngest daughter played catch with another little girl near the gym door. The ball used by the youngest daughter went over the fence and she asked her father to retrieve it for her.
After the inning was over, Mr. Springer went out of the side door of the gym and saw the ball on the other side of the chain link fence. Standing atop a desk which had been left near the fence, he jumped over the fence and retrieved the ball. On the return trip, Stringer moved further down the fence to avoid the desk. He testified:
*462 "I climbed up halfway over the fence. I put my hand on the railing, and just lunged my body over ... I pushed and just catapulted my legs over ... like a broad jump." He successfully cleared the top of the fence, but on the way down he slipped on the wet grass, mud and gravel constituting the earthen surface, injuring his left leg and knee, resulting in surgery and some residual permanent disability.
The instant case is not one of a defect, hidden or apparent, on the premises, nor is it one of unmopped or negligently mopped puddles in a store or unfilled holes hidden under standing water. The instant case involves only one jumping onto normal and reasonably soaked earth.
An alternative route was within a few feet of Mr. Springer. He failed to choose the safer, easily accessible, close alternative route.
For the reasons discussed, the judgment below is affirmed.
AFFIRMED.
CIACCIO, Judge, concurs.
The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. The landowner has a duty to discover any unreasonably dangerous condition on the premises and either to correct the condition or warn of its existence. The landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976).
A fence, five-feet high, separating one area of school property from another area of school property, does not create a probability of injury; it is not an unreasonably dangerous condition; the risk inherent in jumping back and forth over the fence is as obvious to any visitor as it is to the landowner. Whatever duty defendants owed to plaintiff, it did not encompass the risk of injury created when an adult decides to climb over a fence. Compare Allen v. Housing Authority of New Orleans, 423 So.2d 1291 (La.App. 4th Cir.1982).
Plaintiff argues that what caused his injury was the mud, gravel, and water in the parking lot. I note first that he would not have slipped on the mud, gravel, and water if he had not jumped the fence. Also, the day was a rainy one. Mud, gravel, and water on a parking lot on a rainy day is not an unreasonably dangerous condition, and is a condition which plaintiff should have observed in the exercise of reasonable care. Any lack of lighting was an obvious condition, although the area was lighted well enough for the children to play catch, and for plaintiff to see and find the ball on the other side of the fence and to jump over the fence to retrieve the ball.
Neither the fence nor the condition of the parking lot presented an unreasonably dangerous condition. Plaintiff failed to exercise reasonable care for his own safety. Defendants did not violate any duty owed to plaintiff and are not at fault for his injuries.