557 So.2d 973 (1989)
Heng MANG, Individually and on Behalf of her Deceased Son, Samath Nop
v.
Brad T. PALMER, Champion Insurance Company, State of Louisiana Through the Department of Transportation and Development, the City of New Orleans, New Orleans City Park Improvement Association Through/and the Board of Commissioners for the New Orleans City Park Improvement Association and American Telephone and Telegraph d/b/a AT & T Consumer Sales and Service.
No. 89-CA-0791.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1989.
Writ Denied May 18, 1990.
Carolyn N. Hazard, Joan B. Montero, Kenner, for appellant.
Bryan C. Misshore, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for appellee.
Before CIACCIO, WILLIAMS and BECKER, JJ.
CIACCIO, Judge.
This suit arises out of an accident in which plaintiff Heng Mang's son, Samath Nop, was struck and killed by a motorist while trying to walk across the Wisner Boulevard overpass above Interstate 610 in New Orleans. Plaintiff filed suit against defendants, Brad T. Palmer, the driver of the automobile, his liability insurer, Champion Insurance Company, the City of New Orleans and City Park, the Louisiana Department of Transportation and Development (DOTD) and AT & T Communications, Inc. (AT & T). The City of New Orleans and City Park were dismissed from the suit after it was determined that the Wisner Boulevard overpass was under the control of the DOTD. AT & T moved for and was granted a summary judgment. Plaintiff appeals AT & T's summary dismissal. We affirm.
On the night of May 17, 1986, after getting off work at City Park golf driving range, sixteen year old Samath Nop called his home to inform his older brother that he needed a ride home. Unable to contact his home due to an alleged defect in his mother's leased telephone, he called a friend seeking a ride. After Nop's friend *974 told him she was unable to find someone with a car to give him a ride, he decided to walk home. As he was walking across the Wisner Boulevard overpass, Brad Palmer's automobile struck and killed Nop.
Plaintiff filed suit against AT & T alleging that under LSA-C.C. article 2695, as lessor of the defective telephone equipment, AT & T is strictly liable for any damages resulting from the vices and defects in the equipment.[1] She reasons that if her telephone had worked the night of May 17, Samath Nop could have secured a safe ride home and would not have had to walk across the overpass. Plaintiff contends AT & T's failure to lease and maintain safe operable telephone equipment was a concurrent cause-in-fact and a proximate cause of her son's death.
In order to determine whether liability exists under the facts of a particular case, the Louisiana Supreme Court has adopted a duty-risk approach. Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La. 1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
The first inquiry in making a determination of liability is whether a defendant's alleged wrongful conduct was a cause-in-fact of plaintiff's injuries. Shelton v. Aetna Casualty & Surety Co., supra; Hill v. Lundin & Associates, Inc., supra. In resolving this question we make no inquiry as to whether the act or acts were unlawful or negligent, nor is it proper at this point to refer to the duty-risk approach policy considerations. We determine only whether the acts of the defendant were a substantial factor without which the accident would not have occurred, i.e., whether they had some direct relationship to the accident. Shelton v. Aetna Casualty & Surety Co., supra; Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714 (1972).
Every act leading up to an accident can not be said to be a cause-in-fact. However when the antecedent acts bring the court, after careful scrutiny of all the facts and circumstances, to a conclusion that more probably than not they were necessary ingredients of the accident, they constitute cause-in-fact. Laird v. Travelers Insurance Co., supra. If the telephone communications equipment leased by defendant AT & T to plaintiff had not been inoperative, Samath Nop would have secured a ride home, and the accident, more probably than not, would not have occurred. AT & T's failure, therefore, may have been a cause-in-fact of the accident.
Assuming, arguendo, that defendant's conduct was a cause-in-fact of plaintiff's injury, however, does not establish liability. In addition, we are required to ascertain whether the defendant breached a legal duty imposed to protect against the particular risk involved. Hill v. Lundin & Associates, Inc., supra. In making this determination the following inquiries must be made: (1) What, if any, duty was owed by AT & T to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Jones v. Robbins, 289 So.2d 104 (La. 1974); Hill v. Lundin & Associates, Inc., supra; Annis v. Shapiro, 517 So.2d 1237 (La.App. 4th Cir.1987).
AT & T, as lessor of the telephone communications equipment, owed plaintiff the duty of furnishing and maintaining safe operative equipment.
Establishing that AT & T had a duty to provide plaintiff lessee with a reliable functional telephone, the next inquiry is whether this duty was breached. Plaintiff's original petition and affidavits of plaintiff, her son, Mony Nop, and her deceased son's friend, Kolop Than, made part of the record, all state that plaintiff's leased telephone was not in operation on the night of May 17, 1986. Accepting these statements *975 of fact as true for summary judgment purposes, we find AT & T breached its duty.
The next step of the analysis requires a determination of whether the defendant AT & T's duty was designed to protect plaintiff from this particular type of harm. There can be no argument that AT & T's duty regarding maintenance and repair of the telephone equipment was to provide plaintiff with a functional tool for communication purposes. The critical question is whether this duty operated to protect against the particular harm suffered by plaintiff, her son's death. We find that it did not. We, therefore, can not find AT & T liable for Samath Nop's death under either theories of strict liability or negligence.
Conceivably, AT & T's duty to provide plaintiff with a working telephone for communication encompassed the risk that the telephone would malfunction in an emergency situation, i.e., if plaintiff was having a heart attack and was unable to call for assistance, but it did not encompass the risk that her son would call home, not get an answer, begin to walk home and get hit and killed by a motorist. Compare Allen v. Housing Authority of New Orleans, 423 So.2d 1291 (La.App. 4th Cir.1982), writ denied 430 So.2d 74 (La. 1983).
After considering the pleadings and affidavits in the records, and viewing all reasonable inferences drawn therefrom in a light most favorable to plaintiff, we find there is no genuine issue as to a material fact, and that as a matter of law, the duty owed by AT & T to plaintiff did not include the risk that her son would get struck and killed by a driver as he walked home.
Accordingly, for the above reasons, we conclude the trial court properly granted AT & T's motion for summary judgment.
AFFIRMED.
NOTES
[1] Art. 2695. Lessor's liability for damages from vices and defects.

The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.