351 So.2d 1300 (1977)
John R. BOURG, Sr., et ux.
v.
Louis T. REDDEN et al.
Raymond J. MARTINEZ, Sr., et al.
v.
Louis T. REDDEN et al.
Nos. 11553 and 11554.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
Rehearing Denied November 21, 1977.
*1301 John L. Avant, Baton Rouge, of counsel, for plaintiffs-appellees, John R. Bourg, Sr., and Mildred Martinez Bourg, et al.
Patrick A. Juneau, Jr., Lafayette, Kenneth E. Barnette, Baton Rouge, of counsel, for defendants-appellants, Louis T. Redden, d/b/a Redden's Dirt Pit, Lester Blount and Western World Ins. Co.
Joseph E. Juban, Baton Rouge, of counsel, for defendants, Henry George Scalan, Jr., Z. C. Dunaway, Edward C. Howard, Ford Verma, J. B. Frye, Jr., John Boudreaux, Sam Culotta and E. Drew McKinnis.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
These consolidated tort cases arise from a motorcycle accident. Defendants have appealed the trial court's finding of liability and the award of damages.
The issues on appeal are:
1. defendants' negligence;
2. contributory negligence of the injured and the decedent; and
3. quantum.
We amend and affirm.
Mr. Louis Redden, one of the defendants, operated a dirt pit. To minimize damage from vandals, Mr. Redden and an employee, Lester Blount, also a defendant, placed "No Trespassing" signs along the access road. The signs were visible to persons traversing *1302 the access road, but were uniformly disregarded by the general public. Hunters, sightseers and motorcyclists, the injured and the decedent, among others, regularly entered the property and used the area for recreational purposes.
Mr. Redden instructed Mr. Blount to erect a steel cable across the access road at night and on weekends, to prevent vandals from going back to the dirt pit area. On the day of the accident, Mr. Blount erected the cable across the road, attaching it to trees along the side of the road with metal clamps.
Later, three brothers, Raymond, David and Steven Martinez, and a cousin, Ronnie Bourg, were riding their motorcycles along the road toward the dirt pit. The two motorcycles with two occupants each hit the stretched cable; all four boys were thrown from their bikes. The three Martinez boys were injured and Ronnie Bourg was killed.
The trial court found defendants liable. Mr. and Mrs. Bourg were awarded $38,000.00 each, plus special damages. Raymond Martinez was awarded $15,000.00 in general damages and Steve and David Martinez were awarded $2,000.00 each. Mr. Martinez was given judgment for the special damages he incurred.

NEGLIGENCE OF DEFENDANTS
Both parties have argued the question of the legal status of the plaintiffs at time of the accident.
The traditional approach in this state is that a lesser duty is owed to trespassers than to licensees or invitees. However, in Cates v. Beauregard Electric Cooperative, Inc., La., 328 So.2d 367 (1976), the court said "We find the common law classification of invitee-licensee-trespasser to be of little help in applying C.C. 2315." The court cited with approval a ruling from the California Supreme Court, which said in part:
"The proper test to be applied . . . is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative."
We must decide, then, whether defendants' activities were reasonable under the particular facts before us. Shelton v. Aetna Casualty and Surety Company, La., 334 So.2d 406 (1976). We agree with the trial court that the defendants' activities were not reasonable in view of the probability of harm to others. Both Mr. Redden and Mr. Blount were aware that motorcycle riders used the dirt road regularly. Both had seen people on motorcycles in the area on several occasions. Nonetheless, on Mr. Redden's order, Mr. Blount erected a steel cable across the only access road. Under the circumstances, we believe such a device constituted a trap.
There was considerable discrepancy as to whether the cable was "flagged." Mr. Blount testified that he did flag the cable; other witnesses said they saw no evidence of any flags. The trial judge determined that there were no flags, and we cannot disagree.
The erection of the cable without flags in an area known to be extensively traveled by motorcyclists was a breach of duty. The trial court correctly found the defendants guilty of negligence.

CONTRIBUTORY NEGLIGENCE
Defendants argue that recovery is barred by contributory negligence in that the boys were travelling at an excessive rate of speed, and at least one of the boys had seen the cable coiled by a tree shortly before the accident.
The surviving boys estimated their speed at between 35 and 45 miles per hour. There is no evidence to contradict this or to show that this was excessive under the conditions. Further, there is no proof that a lesser speed would have averted the accident and consequences.
That one of the boys saw the cable coiled by a tree shortly before the accident did not *1303 place him on notice that it might be used as a barrier at a later time.
The affirmative defense of contributory negligence is without merit.

QUANTUM
Plaintiffs have answered the defendants' appeal asking for an increase in the awards to Mr. and Mrs. Bourg for the death of their son. While we may have awarded a different amount, we cannot say that the lower court abused its discretion. LSA-C.C. Article 1934(3); Coco v. Winston Industries, Inc., La., 341 So.2d 332 (1976).
Defendants complain that the lower court erred in awarding $2,000.00 to Steven Martinez. In its oral reasons for judgment the court seems to have made an award for the mental suffering which Steven endured in seeing his cousin killed. Damages cannot be recovered for mental anguish resulting from injury or death to another person. McKey v. Dow Chemical Company, Inc., 295 So.2d 516 (1st Cir. 1974); Hickman v. Parish of East Baton Rouge, 314 So.2d 486 (1st Cir. 1975), writ refused, La., 318 So.2d 59.
The evidence on Steven's injuries is sparse. He was treated at the emergency room, but evidently released and sent home. The diagnosis was cervical strain. There was no further testimony by Steven or anyone else concerning his injuries. We do not believe sufficient proof has been presented to justify an award in excess of $1,000.00.
For the above reasons, the judgment of the trial court is amended to reduce the award for Steven Martinez from $2,000.00 to $1,000.00. In all other respects, the judgment is affirmed. Defendants are cast with all costs of these proceedings.
AMENDED AND AFFIRMED.