368 So.2d 1026 (1979)
Mrs. Emetilde GUILLOTTE
v.
HOUSTON GENERAL INSURANCE COMPANY et al.
No. 63035.
Supreme Court of Louisiana.
March 5, 1979.
Rehearing Denied April 9, 1979.
*1027 Benjamin W. Mount, Scofield, Bergstedt, Gerard, Hackett & Mount, Lake Charles, for plaintiff-applicant.
Allen L. Smith, Jr., Plauche, Smith, Hebert & Nieset, Lake Charles, for defendants-respondents.
DENNIS, Justice.[*]
The issue presented for our review is whether the court of appeal correctly determined that the jury in this case drew an unreasonable inference of fact when it found that the plaintiff did not appreciate the danger involved in stepping over a string of Christmas lights stretched across a public sidewalk.
On the morning of the accident in the instant case, the plaintiff, Emetilde Guillotte, a seventy-eight year old widow, had received her pension check and was walking around the small town of Iowa, Louisiana, paying her monthly bills. She planned to stop last at the Iowa Town Hall for the purpose of paying her water bill. She approached the building using the main sidewalk adjacent to the street. It was her intent to turn in and go up the entrance walkway leading to the Town Hall's front door. However, when she turned into the walkway, she was confronted by a string of Christmas lights which town employees had stretched across the walkway at a height of about sixteen to twenty inches. Being somewhat startled, because a box hedge bordering the entrance walkway made it physically impossible for her to view the wire before turning into the walkway, Mrs. Guillotte hesitated momentarily, but then decided to step over it. She got one foot over, but her other foot caught the string causing her to fall and sustain a serious fracture of her arm.
*1028 Plaintiff filed suit against the town of Iowa and its insurer. After a jury trial, judgment was rendered in her favor and the defendants appealed. The court of appeal reversed and rendered judgment for the defendants. Guillotte v. Houston Gen. Ins. Co., 360 So.2d 1188 (La.App. 3d Cir. 1978). We granted certiorari to determine whether the court of appeal was correct in reversing the jury verdict on the ground that the plaintiff had assumed the risk.
The court of appeal affirmed the jury's determination that the town of Iowa had breached its duty to manage its property reasonably in view of the probability of injury to others. See, Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976); Cates v. Beauregard Electric Coop., Inc., 328 So.2d 367 (La.1976), cert, denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976); Lecompte v. State Dept. of Public Safety, 343 So.2d 449 (La.App. 3d Cir. 1977). By placing the string of Christmas lights across the main entrance walkway, the intermediate court held, the town breached its duty "to protect pedestrians from stumbling and injuring themselves." 360 So.2d at 1190. After reviewing the record in the instant case we conclude that the court of appeal's conclusion in this respect was correct.
The court of appeal fell into error, however, when it reversed the jury's finding that the plaintiff had not assumed the risk which resulted in her injury. Although it recognized that reasonable inferences of fact drawn by a jury should not be disturbed upon review, see, Canter v. Koehring Co., 283 So.2d 716 (La.1973), the intermediate court overturned the jury's reasonable inference that Mrs. Guillotte did not fully know and appreciate the danger involved in stepping over the sixteen to twenty inch high light cord.
As the court of appeal stated, the evidence is unquestionably clear that Mrs. Guillotte saw the string of lights, hesitated, and then attempted to cross over it. Assumption of risk, however, is an affirmative defense, La.C.C.P. art. 1005; Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1977), which obliges the defendants to prove that Mrs. Guillotte, with full knowledge and appreciation of the danger which produced her injury, voluntarily exposed herself to that risk. McInnis v. Fireman's Fund Ins. Co., 322 So.2d 155 (La.1975); Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971); Schofield v. Continental Ins. Co., 330 So.2d 376 (La.App. 4th Cir. 1976); Pollard v. Roberts, 306 So.2d 801 (La.App. 2d Cir. 1975). See also, F. Stone, Tort Doctrine, §§ 294-296 in 12 Louisiana Civil Law Treatise (1977); 2 Harper & James, The Law of Torts, § 21.2 (1956); Symposium, Assumption of Risk, 22 La.L. Rev. 1-166 (1961). Although the record is clear that she saw the light cord and voluntarily stepped over it, the conclusion that she actually, subjectively comprehended the risk of losing her balance and falling is by no means irrefutable. In fact, the only direct evidence relative to her particular level of awareness indicates that she thought she could cross the wire safely:
"Mrs. Guillotte, isn't it correct that when you started to cross over that wire you thought you could make it?
"A. I thought I could, because I wouldn't have started if I didn't know that I could."
This testimony suggests that Mrs. Guillotte, who was spry and alert despite her age, appreciated no danger but thought that she safely could negotiate the Christmas light cord, which could have been as low as sixteen inches above the sidewalk. None of the other evidence in the record is necessarily inconsistent with this interpretation. Accordingly, we conclude that the jury's apparent inferences that Mrs. Guillotte did not appreciate the danger involved in stepping over the string of lights, and therefore did not assume the risk, were reasonable and should not have been disturbed upon review.
For the reasons assigned, the parties having specified no other issues for our review, the judgment of the court of appeal is reversed, and the judgment of the district court is reinstated.
*1029 REVERSED. TRIAL COURT JUDGMENT REINSTATED.
BLANCHE, J., dissents with reasons.
BLANCHE, Justice, dissenting.
I respectfully dissent.
This writer agrees with the opinion of the Court of Appeal. In my opinion, it correctly held that the plaintiff consciously and knowingly exposed herself to the risk of falling when she stepped over the Christmas lights. Unfortunately, she tripped. Unfortunately, she was seventy-eight years old. Unfortunately, she hurt herself. Unfortunately, defendant had to be insurer for her mistake in judgment.
NOTES
[*] Judge Pike Hall, Jr., Louisiana Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.