384 So.2d 569 (1980)
Eugene GILES, Jr.
v.
HUMBLE OIL & REFINING COMPANY et al.
No. 11078.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1980.
*570 Richard A. Chopin, William B. Matthews, Jr. and John W. Tavormina, New Orleans, for defendant-appellant.
Thomas J. Toranto, Jr., New Orleans, for plaintiff-appellee.
GULOTTA, SCHOTT and CHEHARDY, JJ.
SCHOTT, Judge.
Defendant Exxon Corporation[1] has appealed from a judgment for personal injuries sustained by plaintiff in a fall as he walked across Exxon's property. The issue is whether the facts of the case give rise to any liability on Exxon under LSA C.C. Art. 2315 as interpreted in the jurisprudence.
The facts are undisputed. Plaintiff and his companion got off a bus on the southeast corner of Read and Lake Forest Boulevards in the City of New Orleans. They crossed to the west side of Read Boulevard and then to the north side of Lake Forest Boulevard bound for the Lake Forest Plaza Shopping Center. Located on the northwest corner of the intersection was a large empty lot of ground owned by Exxon, which plaintiff and his companion began to walk across diagonally toward the shopping center. There were no sidewalks around the perimeter of the property nor was there any path across the property. As plaintiff walked through the grass, which was four to ten inches high, he tripped over a surveyor's stake protruding below the grass three to four inches above the ground and having a circumference about the size of plaintiff's thumb. Plaintiff broke his right femur in the fall and his recovery was complicated by his condition as a sickle cell anemia victim with a history of a previous hip injury just a few months prior to this accident sued on in this case.
The law governing the liability of a landowner to a plaintiff injured as a result of a hazardous condition on the property has been expounded in Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976) and Cates v. Bouregard Electric Cooperative, Inc., 328 So.2d 367 (La. 1976). In the Shelton case the court employed and discussed in detail the duty-risk approach for determining whether liability exists in a given case. Under this approach the first question is whether the alleged wrongful condition was a cause in fact of the resulting harm. While this first test was met in the instant case this finding does not establish liability, since the next step is to determine whether the landowner breached a legal duty imposed to protect against the particular risk involved:
"In making this determination, the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?"
*571 In the earlier Cates case repeated in Shelton, the court repudiated the traditional classifications of invitee-licensee-trespasser as "little help in applying C. C. 2315," but held that these classifications may have some bearing on the question of liability which ultimately depends upon whether the landowner owed the plaintiff a duty to discover any unreasonably dangerous conditions on the premises and to either correct the condition or warn plaintiff of its existence. In the application of this test we have concluded that there is no liability on defendant in this case.
Although plaintiff testified that he saw some people coming across the lot from the opposite direction the absence of a path and the presence of the grass indicates that it was not a route that was regularly or usually taken by the public. The grass on the lot was not unusually high for the New Orleans area in July when this accident occurred and the little iron stake was barely protruding above the level of the ground. To impose a duty on Exxon to discover such a tiny obstruction on this large lot of ground would be unreasonable and would impose a higher duty than the one expressed as follows in the Shelton case:
"... The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Thus the landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner."
Plaintiff relies on Lecompte v. State, Dept. of Pub. Saf., 343 So.2d 449 (La.App. 3rd Cir. 1977), but that case is distinguishable. The court found that the defendant was liable because a lump of concrete in defendant's parking lot on which plaintiff tripped and fell was the same color as the surface of the parking lot and was an unreasonably dangerous hazard to the many pedestrians who walked this way. Plaintiff would analogize the steel rod on which plaintiff fell in the instant case to the trap which caused injuries to plaintiffs in Bourg v. Redden, 351 So.2d 1300 (La.App. 1st Cir. 1977). However, in that case the court found that the erection of a cable without flags in an area known to be extensively traveled by motorcyclists was a breach of duty. The distinction is too obvious to warrant discussion.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of defendant, Exxon Corporation and against plaintiff Eugene Giles, Jr., dismissing his case at his cost.
REVERSED AND RENDERED.
NOTES
[1] The suit was brought against Humble Oil & Refining Company but it was answered by Exxon with the explanation that Humble had been merged into Exxon prior to the date of the accident sued on. This change raised no issue or dispute between the parties.