SWIFT, Judge.
Plaintiffs, Faye O’Quinn and her husband, Milton O’Quinn, filed this suit against the State of Louisiana, through the Department of Transportation and Development, seeking damages from a one car accident which occurred when Mrs. O’Quinn attempted to enter a highway from her driveway. Concluding that the defendant was liable under either La.C.C. Articles 2315 or 2317, the trial court rendered judgment in favor of Faye O’Quinn. The defendant has appealed.
The following facts are not in dispute. The plaintiffs reside on U.S. Highway 71 near Lee Heights, Louisiana. Vehicles travel to and from their house on a gravel driveway which connects with the paved highway. On July 29, 1978, Mrs. O’Quinn accompanied by her daughter, attempted to drive from their residence to go to a grocery store. When she reached the intersection of the highway and her driveway, she stopped her car to observe any approaching traffic. There being none, she eased her front wheels onto the paved portion of the highway which was approximately six to eight inches higher than the shoulder. She then turned her steering wheel to the right and attempted to drive her back wheels onto the pavement. However, the back wheels hung on the dropoff and spun around, somehow causing the steering wheel to spin. Mrs. O’Quinn’s arm was caught by the turning steering wheel, resulting in a fracture to her left wrist.
Mrs. O’Quinn was required to stay in the hospital for six days. A cast was applied. The diagnosis was a Colles fracture of the left wrist with no anatomic deformity except the minute ossicle. The assessment of *36 her disability was approximately five per cent of the extremity as a whole.
The medical records reveal the cast was removed August 18, 1978. However, Mrs. O’Quinn testified this was in error, and the cast remained on her arm for three months. The trial court awarded Mrs. O’Quinn $12,-000.00 as general damages and $2,102.56 for special damages. There is no complaint as to the latter.
The issues on appeal are: 1) Whether the defendant1 was liable under either La.C.C. Articles 2315 or 2317; 2) Whether Mrs. O’Quinn was guilty of fault; and 3) Whether the award of $12,000 in general damages was excessive.
First, the appellant argues that the scope of protection afforded by La.C.C. Article 2315 did not encompass the danger encountered by the plaintiff, Mrs. O’Quinn. We disagree.
The Supreme Court in Sinitiere v. Lavergne, 391 So.2d 821 (La.1980) established the scope of the duty that the Department of Transportation and Development owes motorists in keeping the highways and shoulders safe. The Court said:
“It has been repeatedly stated that the Department is not a guarantor of the safety of travelers but, rather, owes a duty to keep the highways and its shoulders reasonably safe for non-negligent motorists. Liability based upon negligence is imposed when the Department is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time.
“Since road shoulders are only designed for temporary use when a motorist finds himself off the roadway, the Department’s duty of care is generally discharged at a level of construction and maintenance less than that required for the primary road surface. However, an implicit necessity for the functional use of a shoulder is a connection between the roadway and shoulder that allows for safe gradual movement from one to the other.
“The duty to maintain reasonably safe highways and shoulders extends to the protection of those people who may be foreseeably placed in danger by an unreasonably dangerous condition.” [Emphasis added.]
In the instant case, the plaintiffs’ driveway was connected to the shoulder of Highway 71. This driveway was the only means of ingress and egress to the plaintiffs’ house. It was foreseeable that Mrs. O’Quinn and others would use this driveway and shoulder to enter and leave the highway and also that the motorists using these would be placed in danger by the existence of an unreasonably dangerous condition at this location. Therefore, the Department owed a duty to such motorists, including the plaintiff, to maintain the highway and shoulder in the area in a manner which would allow for the safe gradual movement of a vehicle from the shoulder to the highway.
The undisputed testimony of the plaintiff established that the paved highway was six to eight inches higher than the shoulder and that the plaintiff had previously warned the defendant’s employees of this condition. Considering this evidence, we find no manifest or clear error in the trial court’s conclusions that the elevational difference between the paved highway and the shoulder was unreasonably dangerous and that the Department had at the very least constructive notice of the dangerous condition of the shoulder and the highway.
Employing the “but-for” test to determine cause-in-fact, we can only conclude that the plaintiff’s accident would not have occurred had the shoulder been substantially even with the paved portion of the highway.[1]
For these reasons the trial court did not. err in determining that the defendant’s negligence was the cause of the accident under La.C.C. Article 2315. Having reached this conclusion, it is unnecessary to *37 consider whether there is also liability under Article 2317.
The defendant further contends the trial court should have found that Mrs. O’Quinn was also at fault or contributorily negligent in causing the accident, since she was aware of the dangerous condition. We are unable to agree.
 It is true that a motorist who is aware of a hazard has a duty to exercise a higher degree of care than a motorist who is unaware of the hazard. A driver who is aware of the existence of a low shoulder area has a duty to exercise extreme caution. Rodgers v. State, Department of Highways, 376 So.2d 1295 (La.App. 2 Cir. 1979).
In the present case, Mrs. O’Quinn knew of the dangerous condition of the elevated pavement. The undisputed testimony also reveals that Mrs. O’Quinn came to a stop before easing her front tires onto the highway and that she never “gunned,” accelerated or “jerked” the car onto the paved portion of the highway. Instead, she attempted a safe gradual movement from the shoulder to the highway. Undoubtedly, Mrs. O’Quinn used extreme caution in her attempt to enter the highway. Since it was the only means of vehicular travel from her home, we cannot say that she did not exercise the care of a reasonable and prudent person under the circumstances. It might also be reasoned with some basis that while she was aware of this obstacle, she did not know and appreciate the danger involved in driving over same. Guillotte v. Houston General Ins. Co., 368 So.2d 1026 (La.1979).
The defendant also specifies as error the general damage award to Mrs. O’Quinn. As heretofore mentioned, she suffered a Colles fracture to the left wrist which required six days of hospitalization and casting for several weeks. The trial court found that the plaintiff experienced considerable trouble from the fracture. She could not resume her employment as a nurse’s aide until October 22, 1978, and she testified that she has been unable to fully perform such work in intermittent employment since the accident. She contends that she is still having difficulty with her arm. She has a permanent disability of five per cent of the extremity as a whole. Under these circumstances, we cannot say that the award of $12,000 was beyond the wide discretion accorded the trial judge in regard to awards in personal injury cases.[2]
For the foregoing reasons, the judgment appealed is affirmed. All court costs, including this appeal, which amount to $180.-75 are assessed to the defendant-appellant.
AFFIRMED.

. See generally Sinitiere v. Lavergne, supra, page 826, wherein the supreme court used a “but-for” test to determine cause in fact of the accident in an elevated pavement situation.

. In Lecompte v. State, Department of Public Safety, 343 So.2d 449 (La.App. 3 Cir. 1977), this court affirmed an award of $10,000 for similar injuries.