**Susan Ball DUPREE,**

v.

**TEXAS EASTERN CORP., et al.**
**consolidated with:**

**TEXAS EASTERN TRANSMISSION**
**CORPORATION, et al.**

v.

**CLARKCO CONTRACTORS, INC.**

Civ. A. Nos. 84–1163–A, 85–1092–A.

United States District Court,
M.D. Louisiana.

June 25, 1986.

---

28. Defendant United States' Trial Exhibit No. 3, Yeager Resume.

H. Alston Johnson, III, Phelps, Dunbar, Marks, Claverie & Sims, Baton Rouge, La., Esmond Phelps, II, Clayton G. Ramsey, Phelps Dunbar, Marks, Claverie & Sims, New Orleans, La., for plaintiff, Texas Eastern.

Felix R. Weill, William C. Kaufman, III, Seale, Smith & Phelps, Baton Rouge, La., for defendant, Clarkco.

Edwin K. Theus, Jr., Theus, Grisham, Davis & Leigh, Monroe, La., for third party defendant-Mary Lou Trawick Winters.

Clarence A. Frost, Faris, Ellis, Cutrone & Gilmore, New Orleans, La., for third party defendant-Lloyds of London.

William L. Schuette, Jr., Franklin, Moore & Walsh, Baton Rouge, La., for defendant, New Hampshire Ins. Co.

## JOHN V. PARKER, Chief Judge.

This matter is before the court on the motion of third party defendant, Mary Lou Trawick Winters, to dismiss or alternatively, for summary judgment on the third party claims of Clarkco. The motion is not formally opposed, although Clarkco has moved to dismiss the third party demand without prejudice. No oral argument is necessary. This court has jurisdiction over the subject matter by virtue of 28 U.S.C. § 1332, all plaintiffs and all defendants being of diverse citizenship.

These actions arise out of a natural gas pipeline explosion which occurred on November 25, 1984, in West Feliciana Parish, Louisiana. The pipeline was owned and operated by Texas Eastern, and Clarkco was performing certain relocation work on the pipeline under a contract with Texas Eastern. The explosion caused death and personal injury and significant damage to property. The land upon which the pipeline was located was owned by third party defendant Winters. Clarkco, a defendant in this action to claims by Texas Eastern and also a defendant in actions filed by persons injured, asserts third party claims against Winters solely because of her ownership of the land upon which the Texas Eastern pipeline was located.

The motion is directed to two third party claims, asserted by defendant, Clarkco, against Mrs. Winters. One is a claim by Clarkco to recover damages to its property from the pipeline explosion which occurred. The other claim seeks indemnity or contribution for any damages which Clarkco might be found to owe to the plaintiffs. The court has reviewed the affidavit of Mrs. Winters and other documentary evidence submitted in support of the motion, and thus will treat it as a motion for summary judgment.

The undisputed facts relevant to this motion are that Mrs. Winters owned an interst in certain land in West Feliciana Parish, Louisiana, upon which a servitude was granted to Texas Eastern. Under an agreement dated May 26, 1955, Mary Lou Trawick and Thomas Steen Trawick granted to Texas Eastern, "... a right of way and easement to construct, lay, maintain, operate, alter, repair, remove, change the size of, and replace pipe lines and apourtenances thereto (including without limitation Corrosion Control equipment) for the transportation of oil, gas, petroleum products or any other liquids, cases, or substances which can be transported through pipe lines, the Grantee to have the right to select, change, or later the route under, upon, over and through" the land described. A gas pipeline has been constructed by Texas Eastern within that right-of-way. The pipeline was owned and operated by Texas Eastern as a part of its interstate natural gas pipeline system. Mrs. Winters

did not own or have custody or control of the pipeline in any way. The pipeline exploded on November 25, 1984, causing serious damage to persons and property. The pleadings in this matter state only general allegations of negligence or strict liability on the part of Mrs. Winters; no factual statements are included, nor have any been offered by way of opposition to this motion.

Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing that these conditions are satisfied, *United States Steel Corp. v. Darby,* 516 F.2d 961 (5th Cir.1975), and in ruling on the motion, the court must look to the full record, including pleadings, affidavits, and other documentary evidence on file. *Trevino v. Celanese Corp.,* 701 F.2d 397 (5th Cir.1983). When the party moving for summary judgment supports his motion with sworn matter, the opponent bears the burden of presenting affidavits or other evidence sufficient to create a genuine issue of material fact. The opposing party cannot rest on general allegations in his pleadings. *Golden Oil Co., Inc. v. Exxon Co., U.S.A.,* 543 F.2d 548 (5th Cir.1976). However, even when no opposing affidavits are presented to the court, the duty of establishing the absence of a genuine issue of material fact remains with the moving party. *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210 (5th Cir. 1976).

A so-called pipeline right-of-way is a predial servitude under Louisiana law, one established upon one estate for the benefit of another estate. Article 646, Louisiana Civil Code of 1870[1]; *Nash v. Whitter,* 326 So.2d 856 (La.1976). The creation of such a servitude is an alienation of a part of the property. Art. 731, La.CC.1870. The owner of the land can do nothing to interfere with the use of the servitude, Art. 777, and he to whom the servitude is due has a right

to make all the works necessary to use and preserve it. Art. 772.

Thus, Mrs. Winters' rights and authority as landowner are limited; as stated, creation of the servitude was an alienation of part of the property.

■ Although no evidence has been offered on the point, the court judicially notices that there are literally thousands of miles of underground natural gas and common carrier pipelines in Louisiana. It is a rare southwest Louisiana rice field that does not have at least one pipeline crossing it—many have multiple pipelines. The court is also aware that under both Louisiana, LSA–R.S. 19:2(5), and federal law, 15 U.S.C. § 717f(h), natural gas pipelines are empowered to expropriate needed property, as are common carrier pipelines under Louisiana law, LSA–R.S. 19:2(9). Although most such pipeline servitudes are established by "voluntary" agreement, all are obtained under the threat of expropriation where the landowner who declines to accept the "true value" of the servitude, tendered prior to legal proceedings, faces the prospect of having to pay the costs of the proceedings. LSA–R.S. 19:12.

■ No Louisiana case has specifically addressed the issue of landowner liability for actions of the servitude owner. Nevertheless, considering the status of the pipeline servitude under Louisiana law and the inability of the landowner to decline, as a practical matter, to grant such a servitude when "asked," and the effect of such a holding upon thousands of owners whose land is burdened with such servitudes, the chances of the courts of Louisiana holding a landowner liable for activities of the pipeline servitude owner over which the landowner had no control, are akin to those of the proverbial snowball in the warm place. Whatever may be the liability of the servitude owner, *Hero Lands Co. v. Texaco, Inc.,* 310 So.2d 93 (La.1975), for construction, operation and maintenance of pipe-

---

**1.** Louisiana courts have held that the amended servitude articles of the Code, effective January 1, 1978, do not have retroactive effect, hence the

1870 Code provisions apply to this 1955 servitude. *Bertrand v. Halley,* 460 So.2d 705 (La. App.3d Cir.1984).

lines, the landowner will not be held liable simply because of his status as landowner.

In the event it is not already plain, the court is convinced that under Louisiana law, the undisputed facts of this case compel summary judgment in favor of Mrs. Winters on both claims. In analyzing whether or not Mrs. Winters could be liable under a negligence theory, the court must determine whether the wrongful condition was a cause of the harm and whether the landowner breached a legal duty imposed to protect against the particular risk involved. *Giles v. Humble Oil & Ref. Co.,* 384 So.2d 569 (La.App.1980). There is no doubt that the pipeline exploded, causing serious harm. However, whether in negligence or strict liability, the plaintiff has the burden of proving that the property which caused the damage, in this case the pipeline, was in the custody of the defendant. *Carter v. Bd. of Sup'rs of La. State Univ.,* 459 So.2d 1263 (La.App. 1st Cir.1984). Clearly, the pipeline was not in the custody of Mrs. Winters. The servitude having been granted to the pipeline company, she had no control or authority over the pipeline which was constructed beneath the surface of her property within that servitude. She did not own the pipeline, and therefore had no duty (and no authority) to inspect, maintain, or perform any other acts with reference to the pipeline, the omission of which, or the substandard performance of which acts might subject her to liability, nor did she have any authority to interfere with Texas Eastern's use of the servitude. Having no legal duty with reference to the pipeline, there is no possibility of negligence in the performance of a duty. Similarly, since Mrs. Winters did not own, control, or have the care or custody of the pipeline, she cannot be strictly liable for damages caused by it, since strict liability is also premised upon the ownership, custody, or control of the property causing damage. *Loescher v. Parr,* 324 So.2d 441 (La.1975); *Sessums v. La. Power & Light Co.,* 652 F.2d 579 (5th Cir.1981).

Since the undisputed facts of this matter cannot support a finding of liability under either a negligence or a strict liability theory, summary judgment is appropriate as a matter of law. Summary judgment in favor of Mrs. Winters is hereby GRANTED and the third party claims will be dismissed.