# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-364

RONALD ABLES

VERSUS

FRANK C. MINVIELLE,
LEONARD H. MINVIELLE,
TWIN PINE FARMS, L.L.C.,
AND J.P. DUHE - LAMBERT
DUHE ESTATES

************

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 110884-E
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE**

************

### JAMES T. GENOVESE
### JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

Anthony J. Fontana, Jr.
210 N. Washington Street
Abbeville, Louisiana 70510
(337) 898-8332
COUNSEL FOR PLAINTIFF/APPELLANT:
    Ronald Ables

Kevin P. Landreneau
Johanna R. Landreneau
10357 Old Hammond Highway
Baton Rouge, Louisiana 70816
(225) 293-0886
COUNSEL FOR DEFENDANTS/APPELLEES:
    Frank C. Minvielle, Leonard H. Minvielle,
    and Twin Pine Farms, L.L.C.

**GENOVESE, Judge.**

This litigation arises out of an accident wherein Cody Ray Ables, the son of Plaintiff, Ronald Ables (Mr. Ables), died from injuries he sustained while riding a four-wheeler on property owned by J. P. Duhe–Lambert Duhe Estates. Mr. Ables filed suit against the owners as well as the lessees of the farm land, Frank C. Minvielle, Leonard H. Minvielle, and Twin Pine Farms, L.L.C. (hereinafter collectively referred to as Twin Pine Farms). The parties filed countervailing Motions for Summary Judgment on the issue of liability. The trial court denied the Motion for Summary Judgment filed by Mr. Ables and granted the Motion for Summary Judgment in favor of Twin Pine Farms. Mr. Ables appeals the trial court's dismissal of his suit against Twin Pine Farms. For the following reasons, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations set forth in the Petition for Damages Due to Wrongful Death and Survival Action filed by Mr. Ables, Cody Ables, on or about May 8, 2007, "was riding his friend's four-wheeler" on property being farmed by Twin Pine Farms when, "[u]nknown to [Cody Ables,] a cable was stretched across the dirt road that runs across the [property at issue herein] at a location which is about the midway point in the road where a tree line exists on both sides of the road." Mr. Ables alleged that "[t]he cable was not marked with flags, brightly colored paint[,] or any other means to identify it to the naked eye of someone traveling down the road on a four-wheeler." His petition further alleged:

> As [Cody Ables] was traveling down the road, he saw the barrel blocking his passage and he veered to the side, right into the

path of the cable that caught him in his chest throwing him backward off his four-wheeler and causing him to sustain serious injuries from which after a painful and agonizing time he died.

Twin Pine Farms answered the petition denying liability and specifically asserting immunity from liability pursuant to the provisions of La.R.S. 9:2800.4. Following discovery, Twin Pine Farms filed a Motion for Summary Judgment reasserting their statutory immunity under La.R.S. 9:2800.4. Mr. Ables also filed a Motion for Partial Summary Judgment seeking judgment on the issue of Twin Pine Farms' liability.

At the hearing held on November 26, 2008, Twin Pine Farms offered the following exhibits as evidence in support of its Motion for Summary Judgment: the affidavit of Leonard Minvielle; excerpts of Leonard Minvielle's deposition; and, a certified copy of Cody Ables' toxicology report prepared by the Iberia Parish Coroner's Office. Mr. Ables introduced into evidence the entire depositions of both Leonard and Frank Minvielle in support of his countervailing motion.

After taking the matter under advisement and allowing the parties to submit post-hearing memoranda, the trial court issued written Reasons for Judgment on December 11, 2008, granting Twin Pine Farms' Motion for Summary Judgment on the issue of liability and denying Mr. Ables' motion. In its Reasons for Judgment, the trial court declared:

> In this case, Twin Pine Farms began leasing the property eight years before the accident. Leonard Minvielle erected and maintained cable barriers at all of the entrances to the farmland and within certain areas of the farmland. Defendants assert that they never gave permission to Cody Able[s] to be on [their] farmland. In fact[,] the barriers were erected to prevent trespassers from entering and installed on the barriers were signs which read "Posted, Keep Out[."] In order to reach the barrier he ran into, he left the public road and travelled [sic] on his four[-]wheeler about a half mile. Defendant[s] assert[] that [Cody Ables] was clearly trespassing at the time of the accident.

2

In Plaintiff's countervailing Motion for Summary Judgment, he asserts that the [D]efendant[s] [were] negligent and relies on <u>Bourg v. Redden</u>, 351 So.2d 1300 (La.App. 1 Cir. 1977). However, as pointed out by [D]efendant[s], this case was decided prior to the enactment of [La.R.S.] 9:2800.4[,] and the law has changed to provide that the [P]laintiff must show intentional or gross negligence on the part of the [D]efendant[s]. No such showing has been made to this [c]ourt.

The [c]ourt agrees with Defendant[s'] position and grants [s]ummary [j]udgment in favor of Defendant[s]. The basic facts of the case are uncontroverted. Cody Able[s] was riding his four[-]wheeler on [D]efendant[s'] land without permission. [Louisiana Revised Statutes] 9:2800.4 is clear that [D]efendant[s] cannot be liable unless there has been gross negligence. Plaintiff has the burden of proving gross negligence and was not able to support this. For these reasons, Defendant[s'] Motion for Summary Judgment is granted. The [c]ourt denies Plaintiff's Motion for Summary Judgment.

A judgment dismissing Mr. Ables' claims with prejudice against Twin Pine Farms was signed by the trial court on January 22, 2009. It is from this judgment that Mr. Ables appeals.

## LAW AND ANALYSIS

### *Assignment of Error*

In his sole assignment of error, Mr. Ables asserts that genuine issues of material fact exist which prohibit Twin Pine Farms from being granted summary judgment on the issue of statutory immunity at this stage of the proceedings.

### *Standard of Review*

In *DeLafosse v. Village of Pine Prairie*, 08-693, p. 2 (La.App. 3 Cir. 12/10/08), 998 So.2d 1248, 1250, *writ denied*, 09-74 (La. 2/4/09), 999 So.2d 766, this court stated the following as to a determination of whether summary judgment is appropriate:

Appellate courts review summary judgments de novo, using the same analysis as the trial court in deciding whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730. A Motion for Summary Judgment must be

granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). As for the burden of proof, Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the Motion for Summary Judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

### *Discussion*

Louisiana Revised Statutes 9:2800.4 provides, in pertinent part:

> A. As used in this Section:

> (1) "Owner" means the owner and also a tenant, lessee, occupant, or person in control of any farm or forest land or in control of any oil, gas, or mineral property.

> (2) "Farm land or forest land" shall mean bona fide agricultural or timberland assessed as such for parish ad valorem taxes.

> . . . .

> B. An owner of farm or forest land shall not be liable to any person, who unlawfully enters upon his farm or forest land, for damages for any injury, death, or loss which occurs while on the farm or forest land of the owner, unless such damage, injury, or death was caused by the intentional act or gross negligence of the owner.

In *Roton v. Falconer*, 42,452, pp. 9-10 (La. App. 2 Cir. 10/3/07), 966 So.2d 790, 795 (alteration in part in original), the second circuit analyzed the concept of "gross negligence" as follows:

> Gross negligence has a well-defined legal meaning distinctly separate, and different, from ordinary negligence. Gross negligence has

4

been defined as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise." It has also been termed the "entire absence of care" and the "utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others." Additionally, gross negligence has been described as an "extreme departure from ordinary care or the want of even scant care." [Internal citations omitted.] *Rabalais v. Nash*, 2006-0999 (La.3/9/07), 952 So.2d 653; *Foshee v. Louisiana Farm Bureau Casualty Insurance Co.*, 41,842 (La.App.2d Cir.1/31/07), 948 So.2d 1171, *writ denied*, 2007-0483 (La.4/20/07), 954 So.2d 169.

[Louisiana Revised Statues] 9:2800.4 does not define "intentional act." We find useful the definition given for the term by the Louisiana Supreme Court when considering the intentional act exception to the exclusivity provision of the Workers' Compensation Act. In *White v. Monsanto Company*, 585 So.2d 1205 (La.1991), the court stated:

> The meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional.

"Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" or "incapable of failing." Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing. *Reeves v. Structural Preservation Systems*, 1998-1795 (La.3/12/99), 731 So.2d 208.

Mr. Ables asserts that the condition which caused the death of his son was a grossly negligent condition that was admittedly created by Defendants. In his brief, Mr. Ables argues that the trial court's "ruling was made despite specific allegations by [Plaintiff] of the 'gross negligence' of [Defendants]." Mr. Ables further asserts these specific allegations were supported by the evidence, i.e., the depositions of Leonard and Frank Minvielle.

5

In his deposition and affidavit, Leonard Minvielle attests that the cable barrier was already in existence when Twin Pine Farms began leasing the property at issue herein, and he admits that he has maintained the cable barrier in question. At his deposition, Leonard Minvielle testified, "I don't have a sign specifically saying [']warning, cable.['] I have signs that say [']posted, keep out,['] so they should never even get to this to even know that that's there. They shouldn't be here to start with." Frank Minvielle's deposition testimony corroborates Leonard Minvielle's assertions.

Mr. Ables argues that the testimony of Leonard and Frank Minvielle is an admission that they created the dangerous condition which killed Cody Ables; therefore, Twin Pine Farms was grossly negligent. Mr. Ables also asserts that the facts in the case of *Bourg*, 351 So.2d 1300, are identical to those in this case.

In *Bourg*, defendant strung a steel cable across a road he knew was regularly traveled by motorcyclists. Later that same day, two motorcyclists, with two occupants each, hit the stretched cable, injuring three and killing one. While *Bourg* is analogous in its factual content, its holding is not applicable in the instant matter since it pre-dated the enactment of La.R.S. 9:2800.4 in 1987. In *Bourg*, the plaintiffs were not held to the burden of proving gross negligence because they were trespassing on another's property. Thus, we find the trial court was correct in concluding that Mr. Ables' reliance upon *Bourg* was misplaced.

Considering the evidence before this court, we find no error in the trial court's ruling that the actions of Twin Pine Farms did not constitute gross negligence; therefore, we find that the trial court did not err in concluding that Twin Pine Farms is entitled to immunity from liability pursuant to La.R.S. 9:2800.4.

6

**DECREE**

For the above reasons, the judgment of the trial court granting Defendants' Motion for Summary Judgment on the issue of liability is affirmed. Costs of this appeal are assessed against Plaintiff/Appellant, Ronald Ables.

**AFFIRMED.**